# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM NELSON ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-01003-CV-RK ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SSA[1]; | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED.**

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however, for consistency purposes, the case style in this action remains as originally filed.

presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined Plaintiff suffers from the following severe impairments: obesity, osteoarthritis of the left knee with a history of remote surgery, hip dysplasia, and lumbar degenerative disc disease. The ALJ also determined that Plaintiff has the following non-severe impairments: hypertension and bipolar disorder. However, the ALJ found that none of the Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: claimant is limited to lifting twenty pounds occasionally and ten pounds frequently; sit for six hours out of an eight hour workday, with normal breaks; can never climb ladders, ropes, or scaffolds; never crawl, kneel, or crouch; and only occasionally perform all other postural functions. The ALJ found that Plaintiff has no past relevant work, but that Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff raises the following issues: (1) whether the ALJ properly determined Plaintiff's RFC, including whether the ALJ properly evaluated Plaintiff's obesity, and (2) whether the subsequent favorable decision awarding benefits is new and material evidence requiring remand.

In assessing Plaintiff's RFC, the ALJ properly considered and weighed the available medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir. 2010) (an ALJ must assess a claimant's RFC based on all relevant evidence).[2] Next, the ALJ properly

---

[2] The ALJ sufficiently considered Plaintiff's obesity. Neither the Plaintiff's testimony nor the medical records suggest Plaintiff's obesity would impact the Plaintiff's ability to maintain employment. *See McNamara v. Astrue,* 590 F.3d 607, 611 (8th Cir. 2010) ("While obesity can impose a significant work-related limitation, substantial evidence supports the ALJ's rejection of McNamara's claim…nothing in McNamara's medical records indicate a physician ever placed physical limitations…because of her obesity"); *Heino v. Astrue,* 578 F.3d 873, 881-82 (8th Cir. 2009) (where the ALJ specifically considered Plaintiff's obesity and found Plaintiff was not disabled, the Court determined reversal was unwarranted); *Wright v. Colvin,* 789 F.3d 847, 855 (8th Cir. 2015) (The Court affirmed the ALJ's analysis where the

determined Plaintiff's subsequent favorable decision does not warrant remand or reversal because there is no new and material evidence.³ Upon careful consideration, this Court finds that substantial evidence supports the ALJ's decision.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 27, 2017

---

ALJ considered the combined effects of Plaintiff's impairments with Plaintiff's obesity when determining the RFC).

³ New evidence can form the basis for a remand if the new evidence is material. To be considered "material," the new evidence must be "non-cumulative, relevant, and probative of Plaintiff's condition for the *time period for which benefits were denied.*" *Hepp v. Astrue,* 511 F.3d 798, 808 (8th Cir. 2008) (emphasis added). Here, the ALJ's decision was issued on September 8, 2015. Subsequently, on February 20, 2017, Plaintiff was awarded disability benefits from an onset date of December 6, 2016. Thus, in this case the subsequent disability determination began over a year after the ALJ's September 8, 2015 decision.